[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13011

Non-Argument Calendar

_____

RICHARD HERBERT FRIEDBERG,

Petitioner-Appellant,

*versus*

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
Agency No. 12456-20L

_____

2                      Opinion of the Court                      24-13011

Before JORDAN, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Richard Friedberg petitions for review of the August 21, 2024, order of the U.S. Tax Court denying his motion for permission to depose various employees of the Internal Revenue Service. We issued a jurisdictional question ("JQ") about whether the August 21 order is final or otherwise immediately reviewable. In response to the JQ, the Commissioner of Internal Revenue ("Commissioner") filed a motion to dismiss, arguing that we lack jurisdiction over this appeal because the August 21 order is not final or otherwise immediately reviewable. The Commissioner also moves to consolidate and dismiss other appeals filed by Friedberg challenging different decisions of the Tax Court from the same underlying case. Friedberg did not respond to the JQ or the Commissioner's motion.

We conclude that we lack jurisdiction over this appeal because the August 21 order is not final or otherwise immediately reviewable. *See* 26 U.S. § 7482(a)(1) (stating that we have jurisdiction to review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury"); 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) ("A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."). Discovery orders like this "are ordinarily not final orders that are immediately

24-13011                Opinion of the Court                3

appealable." *Doe No. 1 v. United States*, 749 F.3d 999, 1004 (11th Cir. 2014).  And the August 21 order is not reviewable under the collateral order doctrine because it is not effectively unreviewable from the final judgment.  *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014).

Accordingly, we GRANT the Commissioner's motion to dismiss and DISMISS this appeal for lack of jurisdiction.  The Commissioner's motion to consolidate is DENIED, and all other pending motions are DENIED AS MOOT.